UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN RAW-SHIELD HILL,

Plaintiff,

v. Case No. 3:26-cv-1869-JEP-SJH

MS. HALL, *et al.*,

Defendants.
__________________________________/

## ORDER DISMISSING CASE

Plaintiff Jonathan Raw-Shield Hill, an inmate of the Florida Department of Corrections, is proceeding on a pro se Civil Rights Complaint Form ("Complaint," Doc. 1). Hill appears to sue thirty-two Defendants (*see id.* at 3-8) based on several events that occurred between September 2023 and June 2026, while incarcerated at Union Correctional Institution. (*Id.* at 9-25).

### I. Discussion

Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "But a plaintiff may join multiple defendants in a single action only if the right to relief asserted against them arises 'out of the same transaction, occurrence, or series of transactions or

occurrences' and if 'any question of law or fact common to *all* defendants will arise in the action.'" *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (unpublished but persuasive) (quoting Fed. R. Civ. P. 20(a) (emphasis added)). Also, in suits brought by prisoners, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act ['PLRA'] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Hill's Complaint raises multiple unrelated claims against multiple defendants, many of which are factually and legally distinct. For example, Hill complains that Officer Hazel watched him showering and made him strip naked for disobeying an order in September 2023; he was denied outdoor recreation between October 31, 2023, and September 16, 2025; Nurse Hall and medical staff denied him medical care between November 2023 and November 2024; Sgt. Gerow and two other inmates attempted to stab him on March 31, 2025; Officer White refused to give him his legal mail on June 11, 2025; Officer

Davis poisoned his meal on September 27, 2025; the Inspector General ignored his complaints on October 14, 2025; Ms. Todd destroyed his grievances on October 20, 2025; and Sgt. Cotton refused to give him his lunch tray on December 7, 2025. These various claims (and several others) are not sufficiently related under Rule 20 to permit their joinder in a single complaint.

In sum, the Complaint includes misjoined parties and claims and offers Hill a way around both the fee payment and the three-strikes bar.[1] Hill may not circumvent the PLRA's objective of deterring frivolous prisoner complaints by presenting multiple unrelated claims against multiple defendants in a single action. *See, e.g.*, *Pruden v. SCI-Camp Hill*, 2007 WL 1490573 (M.D. Pa. May 21, 2007) ("In being permitted to combine in one complaint several separate, independent claims, Plaintiff is able to circumvent the filing fee requirements of the PLRA.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED**. The dismissal is without prejudice to Hill filing a new complaint—in a new case with a new case number—that does not

[1] The PLRA contains a three-strikes rule which prohibits a prisoner from bringing a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915(g).

improperly join parties and unrelated claims in a single action.[2]

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, close this case, and mail a court-approved form for filing a civil rights complaint and an Affidavit of Indigency form to Hill with his copy of this Order.

**DONE and ORDERED** at Jacksonville, Florida, this 19th day of October, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

TpaP-3
c: Jonathan Raw-Shield Hill #Y31202

[2] *See Owens v. Pinellas Cty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (unpublished but persuasive) (noting that a district court may *sua sponte* dismiss a plaintiff's action under Rule 41(b) for failure to comply with the Federal Rules of Civil Procedure).